IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

VANESSA PRATHER, )
)
          Plaintiff, )
)
v. ) No. 14-0828-CV-W-FJG
)
KINDRED HOSPITAL, et al., )
)
          Defendants. )

## ORDER

Pending before the Court are (1) Defendant Kindred's[1] Partial Motion to Dismiss (Doc. No. 4); (2) Plaintiff's Motion to Remand (Doc. No. 8); (3) Plaintiff's Motion for Extension of Time (Doc. No. 9); (4) Defendant Dixon's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 15); (5) Plaintiff's Motion for Extension of Time (Doc. No. 17); and (6) the Parties' Joint Motion for Protective Order (Doc. No. 20). All are considered, below.

**I.    Background**

On September 16, 2014, plaintiff filed her Petition for Damages in the Circuit Court of Jackson County, Missouri, at Kansas City. Plaintiff makes claims under the Missouri Human Rights Act ("MHRA") for (1) race discrimination, (2) racial harassment, (3) retaliation, and (4) aiding, abetting, compelling, coercing, and inciting violations of

---

[1] Defendants indicate that although the Complaint names Kindred Hospital as the Defendant, the proper entity is Kindred Hospitals East, L.L.C. d/b/a Kindred Hospital-Kansas City. The Court will hereafter refer to this defendant as Kindred.

the MHRA.  Plaintiff is a citizen of the state of Kansas.  Defendant Kindred is a citizen of Delaware and Kentucky, and Defendant Patricia Dixon is a citizen of Missouri.

On September 18, 2014, just two days after the filing of the state court petition and before any defendant had been served, Defendant Kindred filed a notice of removal (Doc. No. 1).  Defendant Kindred asserted that this action is removable pursuant to 28 U.S.C. § 1441(a) because it is within the United States District Court's jurisdiction under 28 U.S.C. § 1332(a) in that the parties are citizens of different states, and the amount in controversy exceeds $75,000.  Doc. No. 1, p. 2.  Defendant Kindred further indicated that the Missouri citizenship of Defendant Dixon should not be considered because she had not been served with process at the time of removal (two days after the case had been filed), and therefore the forum defendant rule would not apply.  See 28 U.S.C. § 1441(b)(2), which provides "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  In the notice of removal, Defendant Kindred did not argue that Defendant Dixon was fraudulently joined as a defendant.

On October 22, 2014, plaintiff filed a motion to remand.  Doc. No. 8.  Defendant Dixon was served on October 20, 2014.

## II.    Plaintiff's Motion for Remand (Doc. No. 8)

Plaintiff moves for an order remanding this case to the Circuit Court of Jackson County, Missouri. Plaintiff asserts that removal is not appropriate under the forum defendant rule.  Plaintiff also asserts that Defendant Dixon is not fraudulently joined in this action; however, the Court finds that since fraudulent joinder was not mentioned at

2

all in the notice of removal, the Court need not consider that possible ground for removal.[2]

A.   Standard

A defendant may remove an action from state court to federal court when the case falls within the original jurisdiction of the federal courts. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). Pertinent to the current set of facts, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a).  Another restriction on the removal of diversity jurisdiction cases is the "forum defendant rule," found at 28 U.S.C. § 1441(b), which does not allow removal based on diversity jurisdiction if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.  28 U.S.C. § 1441(b); Horton v. Conklin, 431 F.3d 602, 604 (8th Cir. 2005); Perez v. Forest Laboratories, Inc., 902 F.Supp. 2d 1238, 1241 (E.D. Mo. 2012).  "The violation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.'"  Horton, 431 F.3d at 605 (quoting Hurt v. Dow Chem. Co., 963 F.2d 1142, 1146 (8th Cir. 1992)).

---

[2] See City of St. Louis v. Bindan Corp., 295 F.R.D. 392, 394 (E.D. Mo. 2013)(noting that a notice of removal may be amended after the 30 day period during which a removal may be filed, after that 30 day period has passed, the notice can only be amended to add specific facts supporting the originally stated grounds for removal, and new grounds for removal cannot be added once the 30 day period has expired).  See also Lindsey v. Dillard's, Inc., 306 F.3d 596, 600 (8th Cir. 2002).  Given that the time period to amend the notice of removal to add grounds for removal jurisdiction has expired, the Court will not consider any argument that Defendant Dixon was fraudulently joined.

3

The burden of establishing federal jurisdiction is on the party seeking removal. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir.1993). On a motion to remand, the district court must strictly construe the removal statute and resolve all doubts in favor of remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,119 F.3d 619, 625 (8th Cir.1997)(citing Bus. Men's Assurance, 992 F.2d at 183).

B.   Discussion

In her motion to remand, plaintiff argues that Defendant Kindred's act of removing this case just two days after it was filed is an act of gamesmanship. Plaintiff notes that this type of gamesmanship has been rejected by federal district judges in the Western District of Missouri on the same facts. See Perfect Output of Kansas City, LLC v. Ricoh Americas Corporation, et al., No.: 12-0189-CV-W-SOW, 2012 WL 2921852, at *2 (W. D. Mo. July 17, 2012); Herling v. Thyssenkrup Access Corp., No. 10-1107-CV-W-ODS, 2011 WL 649021, at *1 (W.D. Mo. Feb. 11, 2011). See also Perez v. Forest Laboratories, Inc., 902 F.Supp. 2d 1238 (E.D. Mo. 2012). In Perfect Output, Judge Wright explained:

> Courts have noted that the rationale for the "joined and served" requirement is "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." When interpreting statutes, however, the Court must give words their plain meaning unless doing so would frustrate the statutory scheme, lead to absurd results, or contravene clear legislative intent. Here, defendants' interpretation of the removal statute would frustrate both the courts' and Congress' efforts to determine diversity of citizenship based on the genuine interests of the parties.

4

Perfect Output, 2012 WL 2921852, *2 (internal citations omitted). "Combining the permission granted in 28 U.S.C. § 1446(b) for defendants to file a notice of removal before being served with the joined and served requirement of 28 U.S.C. § 1441(b) to allow a defendant to remove a case before a plaintiff even has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the removal statutes. Allowing either party to do that would be against what the courts have long understood to be Congress' intent." Id. (citing Vivas v. Boeing Co., 486 F.Supp. 2d 726, 734 (N.D. Ill. 2007)). Judge Wright went on to note, "if defendants were allowed to remove any suit based on diversity before service, lawyers or their agents could camp out at the courthouse and monitor state court filings so that they could remove state actions before service could ever be effectuated on defendants. This is surely not what Congress intended." Id. at n.3. In Herling v. Thyssenkrup Access Corp., Judge Smith similarly indicated that the lack of service on the forum defendant "does not create the loophole the Defendants seek to utilize," and it made no sense to allow the case to remain "in federal court on the off-chance that the plaintiff did not serve the forum defendant." Herling, 2011 WL 649021, at *1.

Plaintiff Prather indicated in her motion to remand that she intended to serve Defendant Dixon, and in fact it appears she served Defendant Dixon on October 20, 2014 (just over one month after the case had been filed). Plaintiff, therefore, argues that the Court should reject Defendant Kindred's gamesmanship of monitoring Missouri Case Net in order to file removal before service of process is even issued, as plaintiff ought to at least be given a reasonable chance to serve the forum defendant under a proper construction of 28 U.S.C. § 1441(b).

In response, Defendant Kindred argues that the majority of federal courts, including this Court, have held that the Court must apply 28 U.S.C. § 1441(b) as written. See Wallace v. Tindall, No. 09-00775-CV-W-FJG, 2009 WL 4432030 (W.D. Mo., Nov. 30, 2009). See also Johnson v. Emerson Elec. Co., No. 4:13-CV-1240-JAR, 2013 WL 5442752 (E.D. Mo. Sept. 30, 2013); Taylor v. Cottrell, Inc., No. 4:09CV536 HEA, 2009 WL 1657427 (E.D. Mo. June 10, 2009); Brake v. Reser's Fine Foods, Inc., No. 4:08CV1879JCH, 2009 WL 213013 (E.D. Mo. Jan. 28, 2009); and Johnson v. Precision Airmotive, LLC, No. 4:07CV1695 CDP, 2007 WL 4289656 (E.D. Mo. Dec. 4, 2007). In particular, Defendant Kindred argues that the language of the statute itself should control, and notes a recent Eastern District of Missouri opinion finding that, "[T]he Eighth Circuit is clear that absent some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language . . . . Based on this principle of statutory interpretation, as well as the weight of case law addressing this issue, including in this District, this Court must apply the statute as written, Because the Missouri citizen . . . was not served at the time of removal, the limitation on removal in § 1441(b) does not apply." Johnson, 2013 WL 5442752, at *4.

Upon review of the parties' arguments, the Court acknowledges that various district courts have reached different conclusions on this issue, as discussed by the parties. The Court finds, however, that plaintiff's rationale is better supported, as Congress could not have intended the result sought by defendant. The Court concurs with the analysis in Perez v. Forest Laboratories, Inc., 902 F.Supp.2d 1238 (E.D.Mo. 2012), wherein the court noted that removal based on diversity jurisdiction "is premised on protecting non-resident litigants from prejudice in state court." 902 F.Supp. 2d at

1242.  The purpose of 28 U.S.C. § 1441(b) is to prevent plaintiffs from engaging in procedural gamesmanship by improperly joining a forum defendant or joining a forum defendant who plaintiffs have no intention of serving.  Id.  The Court in Perez found that pre-service removal by means of monitoring an electronic docket, such as what Defendant Kindred did in the present case, "smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving."  Id. at 1243.  The Court in Perez further found that although the plain language of a statute is generally the best indicator of intent, "adherence to plain language can lead to results which could not possibly have been the intent of the drafters."  Id. at 1245, citing U.S. v. Am. Trucking Ass'ns, 310 U.S. 435, 542-43 (1940).  When that is the case, the courts "must look beyond the plain meaning of the statutory language." Perez, 902 F.Supp.2d at 1245. The Perez Court found that strict adherence to the plain wording of Section 1441(b)(2), allowing defendants to remove cases with forum defendants present prior to plaintiffs having any opportunity to effect service, runs counter to the legislative intent in the removal statutes.  Id. at 1246.  This Court agrees that such close monitoring of dockets so that removal is done before plaintiff has an opportunity to serve a forum defendant is counter to the intent of Congress.

Here, plaintiff did not have a chance to serve any party before the case was removed, and Defendant Kindred did not wait for service on itself before removing. See also Rogers v. Boeing Aerospace Operations, Inc., 13 F.Supp. 3d 972, 977 (E.D. Mo. 2014) (finding that the "joined and served" language in Section 1441(b)(2) contemplates removal only where at least one out-of-state defendant has been served, and thereby

7

distinguishing Rogers (where the removing defendant had been served and the court retained jurisdiction) from Perez (where the removing defendant had not been served and the court remanded)).  For the same reasons as discussed in Rogers, Plaintiff Prather's case is distinguishable from Wallace v. Tindall, No. 09-00775-CV-W-FJG, 2009 WL 4432030 (W.D. Mo., Nov. 30, 2009).  In Wallace, out-of-state defendants were served with copies of plaintiffs' amended petition prior to removal; however, the forum defendant was not served with a copy of the amended petition. Id. at *1.  The out-of-state defendants waited until nearly 30 days after service to remove the case.  Id.[3]  Still, the forum defendant had not been served with a copy of the amended petition, and had not been served at the time the Court denied the motion to remand.  The alleged forum defendant was finally served three weeks after the Court denied the motion to remand; however, as it turned out, the alleged forum defendant was a Kansas citizen once he was served.  See Wallace v. Tindall, No. 09-00775-CV-W-FJG, 2010 WL 1485714 (W.D. Mo., April 13, 2010) (denying plaintiffs' motion for reconsideration of the Court's order denying the motion to remand).

As noted by the Eighth Circuit, "The violation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.'" Horton, 431 F.3d at 605 (quoting Hurt v. Dow Chem. Co., 963 F.2d 1142, 1146 (8th Cir. 1992)).  Given this directive from the Eighth Circuit, the Court believes that a case such as this, where the only reason the forum defendant had not been served was that the

---

[3] Although the Court's November 30, 2009 order indicates that the removing defendant was served a copy of the Amended Petition on August 20, 2009, that date appears to be a typographical error, and service was accomplished on August 26, 2009.  The case was removed on September 24, 2009.

8

out-of-state defendant removed the case before anyone could be served, must be remanded. Such gamesmanship on the part of defendants will not be rewarded.

### III. Conclusion

Therefore, for the foregoing reasons, (1) Plaintiff's Motion to Remand (Doc. No. 8) is **GRANTED**; (2) this case is **REMANDED** to the Circuit Court of Jackson County, Missouri, at Kansas City; and (3) all remaining motions (Doc. Nos. 4, 9, 15, 17, and 20) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: <u>December 17, 2014</u>  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
  United States District Judge